[No. 2,671.]

## THE PEOPLE OF THE STATE OF CALIFORNIA v. I. F. EATON AND A. W. THOMPSON.

COMPLAINT ON RECOGNIZANCE—NAME OF ACCUSED—DEMURRER FOR AM-BIGUITY.—Where a complaint on a forfeited recognizance set forth that the name of the accused for whose appearance to answer it was given, and the name by which he was indicted, was Antonio Martini, but that it was given in the recognizance as Antonio Martinez, and that the same person was intended: *held*, that a demurrer on the ground of ambiguity and uncertainty as to the person accused was properly overruled.

SUIT ON RECOGNIZANCE—VARIANCE IN NAME OF PERSON ACCUSED.—In an action on a recognizance, where it appeared that the accused was named Martini in the indictment and Martinez in the recognizance, and there was testimony that the same person who was held to answer by the name of Martinez was indicted by the name of Martini: *held*, that a motion for nonsuit on the ground of the variance of names was properly overruled, and that a finding that the person indicted was identical with the person held to answer, was justified.

RAISING OF BAIL—LIABILITY OF SURETIES ON RECOGNIZANCE.—It is no defense to an action on a forfeited recognizance, that after it was given the bail was raised, and a new order of arrest issued, without notice to the sureties, and that the officers were so negligent in their proceedings that the accused heard of them and absconded before he could be rearrested.

APPEAL from the District Court of the Seventh Judicial District, Sonoma County.

One Antonio Martini, having been arrested on a charge of rape upon the person of a child of tender years, and brought before a Justice of the Peace in the City of Petaluma, was

CAL. REPS. XLI—83

bound over to answer at the next term of the County Court of Sonoma County, and his bail was fixed at one thousand dollars. The defendants gave the required recognizance, and the accused was released from custody. This was June 4th, 1869. On July fifth Martini was indicted by the Grand Jury, and on July fourteenth he was called in the County Court for arraignment, but he failed to appear, and the recognizance was declared forfeited. Afterward, this action was commenced by the District Attorney against the sureties to recover the amount for which they had so become bound.

The complaint set forth, among other things, that the name of the accused appeared in a portion of the proceedings before the Justice, and in the recognizance, to be Antonio Martinez, but that he was the same person indicted as, and whose true name was, Antonio Martini. To this complaint defendants interposed a demurrer for ambiguity and uncertainty, on the ground that it appeared from it that a portion of the proceedings before the Justice were against Antonio Martini, and another portion against Antonio Martinez, and it was uncertain against which person they were in fact had. This demurrer having been overruled, defendants answered, and set up as one of their defenses that on June seventh, and after their recognizance was given, the plaintiff, by its duly constituted officers, without the knowledge of defendants, caused a new warrant of arrest to be issued against the accused, and fixed the bail at two thousand five hundred dollars, and that the accused, hearing thereof, had absconded; on account of which proceedings, defendants claimed that they were prevented by the State from surrendering the accused, as they otherwise might have done, so as to exonerate themselves.

The cause was tried before the Court below without a jury, and there was evidence that the person held to answer as Martinez was the person indicted as Martini. When the plaintiff rested, defendants moved for a nonsuit on the ground

that, on account of the difference in the names, facts sufficient to constitute a cause of action had not been shown. This motion was overruled, and defendants then proposed to prove the matters set up affirmatively in their answer, to which offer plaintiff objected, on the ground that the matters so alleged would not constitute a defense. The objection was sustained, and the proffered evidence ruled out. The proper exceptions having been entered, and judgment rendered for plaintiff, and a motion for new trial denied, defendants appealed.

*A. W. Thompson*, for Appellants.

1. There is a variance between the *allegata* and *probata*, in this: the amended complaint avers that the proceedings before the Justice were against Martini; while the proof shows that they were against Martinez. (*Stout* v. *Coffin*, 28 Cal. 65; *Hess* v. *Fox*, 10 Wend. 437; *Lake* v. *Silk*, 3 Bing. 297.)

2. There is neither averment nor proof that defendants knew that Martini and Martinez were the same person. The sureties had a right to stand on the precise terms of their contract. (*People* v. *Buster*, 11 Cal. 215.)

3. The contract between plaintiff and defendants was that Martinez should be free from proceedings on this charge until the July term of the County Court next to ensue, and that he should be so free was the sole consideration. (*Matoon* v. *Elder*, 6 Cal. 57.) This contract was deliberately broken by plaintiff, and defendants are discharged. (Chitty on Contracts, 641; *Zoe* v. *Culverwell*, 35 Cal. 291.)

4. The sureties were prevented by plaintiff from complying with the terms of the contract, in this: that by the carelessness of plaintiff in allowing the prisoner to know of the issuance of the second warrant, and by the acts and proceedings by plaintiff in the matter of said second warrant, the prisoner was, by plaintiff, induced to abscond. (Chitty on

Contracts, 639; *Shaw* v. *Hurd*, 3 Bibb. 372; *Marshall* v. *Craig*, 1 Bibb. 379; *Borden* v. *Borden*, 5 Mass. 67; Theobald on Sureties, p. 51, Sec. 223.)

*Attorney General Jo Hamilton*, for Respondent.

By the Court, Crockett, J.:

The demurrer to the complaint and the defendants' motion for nonsuit were properly overruled. The complaint, though somewhat inartificially drawn, is substantially good, and states a cause of action. The variance between the name of the accused, as stated in the indictment, and in the recognizance, was sufficiently accounted for to justify the Court in finding that the person indicted was identical with the person charged before the Justice, and for whose appearance the recognizance was given. Nor did the Court err in refusing to permit the defendants to prove the affirmative matter set up in the answer. If proved, it would have constituted no defense to the action. In substance it amounted only to an averment that after the accused had been released from custody on the recognizance of bail here sued upon, his bail was raised by the Court, and an order for his arrest was issued, hearing of which he absconded, and cannot now be found. The answer, it is true, avers that the officers of the law negligently permitted the accused to hear that the order of arrest was issued, whereby he was afforded an opportunity to escape; and that they willfully concealed from these defendants the fact that such an order had been issued. But if true, this would not exonerate the bail. When higher bail is required, there may, in many cases, be very sufficient reasons why the former bail should not be informed of the fact until after the accused is arrested; and I am not aware of any rule or principle of law which relieves the former bail from liability on the ground that the officer requiring additional bail had conducted himself so

.negligently as to permit the accused to hear of the fact before his arrest. There would be but little chance to fix the liability of bail if they could escape on such pretexts as this.

Judgment affirmed.